U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 21 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LEE DELL GRIFFIN | CIVIL ACTION NO. 06-1847 |
| VS. | SECTION P |
| VENETIA MICHAEL, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus (28 U.S.C. §2254) filed by pro se petitioner Lee Dell Griffin on October 13, 2006. Petitioner is an inmate in the custody of Louisiana's Department of Safety and Corrections. He is incarcerated at the David Wade Correctional Center, Homer, Louisiana where he is serving a twenty year sentence imposed following his 1998 conviction for felony theft and his subsequent adjudication as an habitual offender in the Ninth Judicial District Court, Rapides Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

Petitioner was charged with theft of property having a value

in excess of $500. He was found guilty as charged on January 22, 1998. On March 20, 1998 he was sentenced to serve 5 years at hard labor. Thereafter, the State filed an Habitual Offender Bill charging petitioner as a fourth felony offender. [See La. R.S.15:529.1]. On or about April 29, 1998 petitioner was adjudicated a fourth felony offender; the five year sentence was vacated and petitioner was sentenced to serve 20 years. [doc. 1-1, pp. 8-9]

Petitioner appealed. [doc. 1-1, paragraph 9] On December 9, 1998 his conviction and sentence were affirmed in an unpublished opinion of the Third Circuit Court of Appeals. State of Louisiana v. Lee Dell Griffin, 1998-00978 (La. App. 3 Cir. 12/9/1998), 735 So.2d 134 (Table). Petitioner did not seek further direct review of his conviction and sentence in the Louisiana Supreme Court.[1]

On some unspecified date petitioner filed a post-conviction pleading in the Ninth Judicial District Court alleging "... that the sentence imposed upon him on April 29, 1998, constituted an illegal sentence." [doc. 1-1, p. 9] On August 9, 2004, this petition was denied by the District Court without a hearing. [id.; doc. 1-1, paragraph 11] Petitioner applied for writs in the Third Circuit Court of Appeals. His writ application was denied on December 7, 2004. [id.; doc. 1-1, paragraph 11] His subsequent

---

[1] See Westlaw® Louisiana cases database at https://web2.westlaw.com/welcome/Louisiana/default.wl?fn=_top&utid=%7b09846306 - 2B8B-4E3F-B643-7E7D5323622 6%7d&rs=WLW2.05&mt=Louisiana&vr=2.0&sv=Split

writ application was denied by Louisiana's Supreme Court on January 13, 2006. In denying relief, the Supreme Court cited La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189; State v. Parker, 98-0256 (La.5/8/98), 711 So.2d 694; La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172. See State of Louisiana ex rel. Griffin v. State of Louisiana, 2005-0632 (La. 1/13/06), 920 So.2d 227, Reconsideration Denied, 2005-0632 (La. 5/26/06), 930 So.2d 7.

Petitioner signed his federal *habeas corpus* petition on August 29, 2006. However, it was mailed on October 11, 2006 [doc. 1, p. 1] and received and filed on October 13, 2006. He argues a single claim for relief: "[T]he sentence of twenty (20) years imposed upon petitioner on April 29, 1998, constitutes an illegal sentence. Said sentence therefore should be vacated and set aside, and the original sentence of five (5) years should be reinstated in the interest of justice." [doc. 1-1, p. 12]

### *Law and Analysis*

### *1. Timeliness under § 2244(d)(1)(A)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); In Re Smith, 142 F.3d 832,

834, citing <u>Lindh v. Murphy</u>, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. <u>Ott v. Johnson</u>, 192 F.3d 510, 512 (5th Cir. 1999); <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998).

Federal courts may raise the one-year time limitation *sua*

---

[2] Petitioner's pleadings do not suggest that the limitations period should be reckoned from any event other than finality of judgment. He does not claim the existence of State created impediments to filing; nor does his illegal sentence claim rest on a Constitutional right newly recognized by the United States Supreme Court; and, finally, he does not claim the recent discovery of the factual basis of his illegal sentence claim. See 28 U.S.C. §2244(d)(1)(B), (C), or (D).

*sponte.* Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction and sentence; however, both conviction and sentence were affirmed by a judgment of the Third Circuit Court of Appeals on December 9, 1998. *See* State of Louisiana v. Lee Dell Griffin, 1998-00978 (La. App. 3 Cir. 12/9/1998), 735 So.2d 134 (Table). Petitioner did not seek further direct review and therefore, for AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the <u>expiration of the time for seeking such review</u>" [28 U.S.C. § 2244(d)(1)(A)], thirty days following the Third Circuit's December 9, 1998 judgment or on or about January 9, 1999.[3] Under 28 U.S.C. § 2244(d)(1) he had one year, or until January 9, 2000 to file his federal *habeas* petition.

Petitioner cannot rely upon the tolling provisions of §2244(d)(2) because it appears that he did not file his first post-conviction motion until at least two years after the date

---

[3] Under Louisiana law petitioner had a period of 30 days from the date the Third Circuit mailed notice of judgment within which to file a petition for writ of certiorari. See Louisiana Supreme Court Rules, Rule X, §5(a) which provides, "An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing. No extension of time therefor will be granted."

his judgment of conviction and sentence became final;[4] and, as stated above, the lapse of time <u>before</u> the proper filing of the application for post-conviction relief must be counted against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998).

Additionally, it is clear that petitioner could not rely upon those pleadings to toll the limitations period. Since the pleading was ultimately construed to be an Application for Post-Conviction Relief, and, since it was denied as untimely by the Louisiana Supreme Court, it may not be considered "a properly filed application for State post-conviction or other collateral review..." As previously noted, in its January 2006 writ denial, the Louisiana Supreme Court cited La. C.Cr.P. art. 930.8 and <u>State ex rel. Glover v. State</u>, 93-2330 (La. 9/5/95), 660 So.2d 1189 as grounds for denying the writ. The cited statute, as noted previously, provides for a limitations period for filing applications for post-conviction relief; the case cited holds

---

[4] Petitioner has not alleged the date he claims to have filed his post-conviction motion to correct an illegal sentence. However, he does admit that his pleading was dismissed by the trial court on August 9, 2004 [doc. 1-1, paragraph 11] by the Third Circuit on December 7, 2004 [id.], and by the Louisiana Supreme Court on January 13, 2006. [<u>State ex rel. Griffin v. State</u>, 2005-0632 (1/13/2006), 920 So.2d 227, <i>reh. denied</i>, 5/26/2000, 930 So.2d 7.] The Louisiana Supreme Court's writ denial cited La. C.Cr.P. art. 930.8 as grounds for dismissal. That statute provides for a two year period of limitation for filing applications for post-conviction relief, reckoned from the date upon which the petitioner's judgment of conviction has become final. Thus, it is logical to assume that petitioner filed his post-conviction pleading more than two years after the Third Circuit Court of Appeals affirmed his conviction. That date, logically, is more than one-year after petitioner's judgment of conviction became final under the AEDPA.

that Louisiana appellate courts may invoke the prescriptive period of art. 930.8 even if the lower courts have reached the merits of otherwise prescribed claims. Thus, the Supreme Court's writ denial establishes that petitioner's post-conviction pleading was treated as an application for post-conviction relief and ultimately denied as untimely. A state post-conviction petition, which has been rejected by the state court as untimely under the state's statute of limitations, is not considered "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus cannot toll the limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (Apr 27, 2005)

In other words, petitioner's *habeas*, is clearly time-barred under the provisions of 28 U.S.C. §2244(d)(1)(A).

### 2. Procedural Default

Nevertheless, even if petitioner's habeas were not time-barred, it would still be subject to dismissal under the procedural default doctrine. The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow a state procedural rule. Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and

adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.*

Furthermore, the doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1996). However, a petitioner can rebut this presumption by establishing that the procedural rule is not strictly or regularly followed. Moore v. Roberts, 83 F.3d 699 (5th Cir. 1996). The burden in on the petitioner to show that a state did not strictly and regularly follow the procedural bar at the time pertinent to his state court action. Stokes v. Anderson, 123 F.3d 840, 843 (5th Cir. 1999); Amos v. Scott, 61 F.3d 333, 342, (5th Cir. 1995); Sones, 61 F.3d at 416. In bearing the burden, the petitioner must demonstrate that the state failed to apply the procedural bar to claims which are identical or similar to the claims raised by him. Stokes, 123 F.3d at 860; Amos, 61 F.3d at 340.

The Louisiana Supreme Court refused to address the merits of petitioner's illegal sentence claim because he failed to raise it

in an appropriate and timely manner. As previously noted, the Louisiana Supreme Court denied petitioner's post-conviction attack by issuing orders citing the following authorities: La.C.Cr.P. art. 930.8 ; State v. Parker, 711 So.2d 694 (La.1998); State ex rel. Melinie v. State, 665 So.2d 1172 (La.1996); and State ex rel. Glover v. State, 660 So.2d 1189 (La.1995). Article 930.8 , Parker, and Glover concern the time limits for seeking post-conviction relief under Louisiana law, while Melinie holds that sentencing errors may not raised in state post-conviction proceedings. Accordingly, the Louisiana Supreme Court denied petitioner's writ applications based solely on that court's application and interpretation of state law. Even if the Louisiana Supreme Court erred, that would be of no moment in this federal habeas corpus proceeding. "'[I]t is not the province of a federal *habeas court* to reexamine state-court determinations on state-law questions .'" Trevino v. Johnson, 168 F.3d 173, 184 (5 Cir.1999) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).

Federal courts typically refuse to reach the merits of questions of federal law if the state courts have expressly relied on an "adequate and independent" state procedural ground in refusing to review the claim. Procedural rules are "adequate" when they are "strictly or regularly" applied to the "vast majority of similar claims." Glover v. Cain, 128 F.3d 900, 902

(5th Cir.1997), *cert. denied*, 523 U.S. 1125, 118 S.Ct. 1811, 140 L.Ed.2d 949 (1998) citing <u>Amos v. Scott</u>, 61 F.3d 333, 338 (5th Cir.1995), *cert. denied*, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995). A procedural rule is "independent" when the last state court rendering a judgment in the case "clearly and expressly" indicates that its judgment rests on the procedural ground. <u>Amos</u>, 61 F.3d at 338.

The procedural rule identified in this case, Louisiana Code of Criminal Procedure article 930.8, satisfies both requirements. Review of Louisiana jurisprudence establishes that Louisiana courts regularly invoke article 930.8 to decline review of untimely filed post-conviction pleadings. Moreover, the last reasoned judgment of the state court, that of the Louisiana Supreme Court, specifically relied on article 930.8 when it declined review of the merits of petitioner's claims. Finally, the Fifth Circuit has specifically held that article 930.8 is an adequate and independent bar to federal *habeas* review. <u>Glover v. Cain</u>, 128 F.3d 900 (5th Cir.1997). Accordingly, this court may not review the merits of this petition under the procedural default doctrine unless petitioner demonstrates cause and prejudice for the default or that a miscarriage of justice will result from the denial of federal *habeas* review.

A. Avoiding the Bar of Procedural Default - Cause and Prejudice

When a state prisoner has defaulted on his federal claims in the state courts pursuant to an independent and adequate state procedural rule, he can avoid the bar of procedural default only if he can show (1) a miscarriage of justice exists (i.e. actual innocence), Gray v. Netherland, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or (2) "cause for the noncompliance" with state law and "actual prejudice resulting from the alleged constitutional violation." Coleman, 501 U.S. at 750 (quoting, Wainwright v. Sykes, 433 U.S. 74, 84, 97 S.Ct 2497, 2505, 53 L.Ed. 2d 594 (1972)).

In order for a *habeas* petitioner to avoid a procedural bar by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 478. Corwin v. Johnson, 150 F.3d 467, 473 (5th Cir. 1998); Glover v. Cain, 128 F.3d 900, 904 (5th Cir. 1997); Ward v. Cain, 53 F.3d 106, 108 (5th Cir. 1995). To support such an exception, the petitioner must allege that as a factual matter he did not commit the crime of which he has been convicted. Corwin, 150 F.3d at 473; Ward, 53 F.3d at 108.

Furthermore, in order for a *habeas* petitioner to avoid

procedural bar by showing cause and prejudice, the petitioner must show that "some objective factor external to the defense" prevented the petitioner from properly raising the claim in state court. McClesky v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)(quoting, Murray, 477 U.S. at 488). "In addition to cause, [he] must show actual prejudice to overcome the procedural bar." United States v. Guerra, 94 F.3d 989, 994 (5th Cir.1996) (internal quotations omitted). "The movant makes this showing where he demonstrates that, <u>but for the error, he might not have been convicted.</u>" Id. (emphasis supplied); Pickney v. Cain, 337 F.3d 542, 545 (5th Cir. 2003).

In order to show that a failure to consider the claim will result in a "fundamental miscarriage of justice" the *habeas* petitioner must show, "... as a factual matter, that he did not commit the crime of conviction." Fairman v. Anderson, 188 F.3d 635 (5th Cir.1999) (citing Ward v. Cain, 53 F.3d 106, 108 (5th Cir.1995). To establish such actual innocence, petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Id. (citing Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).

Petitioner offers no excuse for his default. Petitioner cannot blame anyone other than himself for the untimely filing of

his collateral attack. But even if he could offer evidence of cause, he would be unable to demonstrate prejudice since the gravamen of his claim concerns the constitutionality or legality of Louisiana's Habitual Offender Statute and the constitutionality of that statute (or others like it) has historically survived judicial scrutiny by the Louisiana and Federal Courts. This is so because under the Louisiana Constitution, the legislature has sole authority to define conduct as criminal and provide penalties for such conduct. See LSA-Const. art. III, Section 1; State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. Pursuant to that constitutional grant of authority, the Louisiana Legislature enacted the habitual offender statute, LSA R.S. 15:529.1, which has been upheld as constitutional on numerous occasions. State v. Johnson, supra; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Green, 36,741 (La.App. 2d Cir.3/5/03), 839 So.2d 970. Since the habitual offender statute in its entirety is constitutional, the minimum sentences it imposes on recidivists are presumed to be constitutional. State v. Johnson, *supra*; State v. Green, *supra*. Statutes similar to the Louisiana statute at issue have also been upheld as constitutional by the United States Supreme Court. See Ewing v. California, 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003).

In other words, even if petitioner could demonstrate cause

for his default (a dubious proposition at best) he could not demonstrate prejudice since it is unlikely that the Louisiana Supreme Court would have agreed with his claims concerning the constitutionality of the Louisiana Habitual Offender law.

### c. Actual Innocence

As stated above, petitioner could obtain review of his procedurally defaulted claims upon a showing that this court's application of the procedural default doctrine would result in a "fundamental miscarriage of justice."

In order to show that a failure to consider the claim will result in a "fundamental miscarriage of justice" the *habeas* petitioner must show, "... as a factual matter, that he did not commit the crime of conviction." Fairman v. Anderson, 188 F.3d 635 (5th Cir.1999) (citing Ward v. Cain, 53 F.3d 106, 108 (5th Cir.1995). To establish such actual innocence, petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Id.* (citing Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Petitioner's pleadings are insufficient to establish actual innocence. He does not contend that he was not an Habitual Offender; instead, he argues that the trial court was without authority to vacate the sentence imposed following his theft conviction to impose the

habitual offender sentence.

In short, petitioner's *habeas* petition is also subject to dismissal as procedurally defaulted.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

In the alternative,

**IT IS RECOMMENDED** that this petition be **DENIED AND DISMISSED WITH PREJUDICE** as procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by**

the District Court, except upon grounds of plain error. *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 21st day of November, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE